```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                            Case No.: 8:11-cr-307-VMC-AEP

YENER VAHIT BELLI

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Yener Vahit Belli's Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13(b)(6) (Doc. # 144), filed on December 13, 2023. The United States of America responded on February 21, 2024. (Doc. # 150). Mr. Belli filed a reply and multiple notices of supplemental authority. (Doc. ## 158, 159, 160, 161, 162, 163). For the reasons set forth below, the Motion is denied.

**I.  Background**

On January 11, 2013, Mr. Belli was sentenced to a 384-month term of imprisonment for two counts of using or carrying a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. # 100). Mr. Belli is 40 years old, and his projected release date is July 24, 2038.[1]

---

[1] This information was obtained using the Bureau of Prisons' online inmate locator. See https://www.bop.gov/inmateloc/.

1

In his Motion, Mr. Belli seeks compassionate release from prison under Section 3582(c)(1)(A). He argues that compassionate release is appropriate because the mandatory sentence he received in 2013 for his two 18 U.S.C. § 924(c) convictions would be shorter if he were sentenced today under current law. (Doc. # 144 at 6-7). He also notes his participation in educational programs while incarcerated and his detailed re-entry plan as supporting compassionate release. (Id. at 9-12). The United States has responded (Doc. # 150), and Mr. Belli has replied and filed multiple notices of supplemental authority. (Doc. ## 158, 159, 160, 161, 162, 163). The Motion is now ripe for review.

## II.  Discussion

The United States argues first that the Motion should be denied because Mr. Belli has not established an extraordinary and compelling reason for compassionate release. (Doc. # 150 at 6).

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). The First Step Act of 2018 expressly permits district courts to reduce a previously imposed term of imprisonment. United States v. Jones, 962 F.3d 1290, 1297 (11th Cir. 2020). If the

exhaustion requirement is satisfied, a district court may reduce a prisoner's term of imprisonment "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable," if it finds that extraordinary and compelling reasons warrant such a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). But it is the "defendant's burden to show that his circumstances warrant a sentence reduction." United States v. Alonge, No. 21-13566, 2022 WL 1135533, at *1 (11th Cir. Apr. 18, 2022).

"Following the recent amendments to the sentencing guidelines, which went into effect on November 1, 2023, there are now six extraordinary and compelling reasons justifying relief under § 1B1.13: (1) the defendant's medical circumstances, (2) advanced age, (3) family circumstances, (4) whether the defendant is a victim of abuse, (5) 'other reasons,' and (6) whether the defendant received an unusually long sentence." United States v. Allen, No. 1:09-CR-320-TCB, 2024 WL 631609, at *2 (N.D. Ga. Feb. 12, 2024).

In his Motion, Mr. Belli relies on the "unusually long sentence" category of extraordinary and compelling circumstances based on the stacking of his Section 924(c) charges. (Doc. # 144 at 4-5). If Mr. Belli had been sentenced today, he insists he would "likely" have received a lower

sentence of fourteen years. (Id. at 6). As support for this assertion, Mr. Belli cites the transcript from the sentencing hearing, in which the Court, in Mr. Belli's view, stated that it was sentencing Mr. Belli to 32 years of incarceration because that was the statutory minimum. (Id. at 7; Doc. # 144-4). Thus, Mr. Belli claims that if the Court were sentencing Mr. Belli today, the Court would sentence Mr. Belli to fourteen years of incarceration because that is the statutory minimum today. (Doc. # 144 at 7).

The Court disagrees with Mr. Belli's assumptions. True, the Court sentenced Mr. Belli to 32 years, which was the statutory minimum at the time, because that term of incarceration is what the Court deemed appropriate. (Doc. # 144-4). However, that does not automatically mean that the Court today would sentence Mr. Belli to fourteen years simply because that is the statutory minimum. In such a scenario, the Court could in its discretion find that a term of incarceration longer than fourteen years is appropriate. Therefore, Mr. Belli's assertion that he would be sentenced to fourteen years if sentenced today is speculative at best.

Nevertheless, even if Mr. Belli could establish that he would receive a sentence of fourteen years if sentenced today and that this sentencing disparity constitutes an

4

extraordinary and compelling reason for release, compassionate release would not be granted. Before granting compassionate release, the Court must determine that the defendant is not a danger to any other person or the community, U.S.S.G. 1B1.13(2), and that the 18 U.S.C. § 3553(a) factors favor early release. Notably, Section 3553(a) requires the imposition of a sentence that protects the public and reflects the seriousness of the crime.

The Court agrees with the United States that granting compassionate release when Mr. Belli has served less than 50% of his sentence would not adequately reflect the seriousness of the offense under Section 3553(a)(2)(A) given that the crime involved Mr. Belli and his co-defendant brandishing a firearm during the robbery of two convenience stores, including holding one victim at gunpoint. (Doc. # 150 at 21-23). Furthermore, the United States correctly notes that Mr. Belli has had a troubling disciplinary record in prison, including violent acts of fighting on two occasions, drinking homemade intoxicants on two occasions, and one other infraction. (Id. at 23; Doc. # 150-1); see United States v. Harris, 8:10-cr-00438-VMC-AAS, Doc. # 549 at 5-6 (M.D. Fla. March 26, 2021) (denying compassionate release when the underlying offense involved the defendant brandishing a

5

weapon in robberies of two convenience stores and had incurred a disciplinary record while incarcerated). While the Court appreciates Mr. Belli's participation in education programs, Mr. Belli still appears to be a danger to others and, thus, the need to protect the public from further crimes is significant. Therefore, compassionate release must be denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Yener Vahit Belli's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Doc. # 144) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>16th</u> day of January, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE